```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA,                :
                                         :
         v.                              :        DECISION & ORDER
                                         :        20-CR-293-2 (WFK)
CHRISTIAN WILLIAMS,                      :
                                         :
                  Defendant.             :
                                         :
------------------------------------------------------------x
```

**WILLIAM F. KUNTZ, II, United States District Judge:** On August 11, 2020, the defendant Christian Williams ("Defendant") was arraigned on a two-count indictment (the "Indictment") before the Honorable Magistrate Judge Peggy Kuo. ECF No. 8. Defendant entered a plea of not guilty and presented a bail application with five sureties, which the United States of America (the "Government") opposed. *Id.* Magistrate Judge Kuo granted the bail application and set bail at $80,000.00. *Id.* The Government appealed the bond decision to this Court. This Court held telephonic arguments on the bond appeal on August 11, 2020 and **GRANTED** the Government's appeal, overturning the decision of Magistrate Judge Kuo. A permanent order of detention was entered with respect to Defendant. ECF No. 9. The Court now sets out its reasons for the denial of bail.

## BACKGROUND

On August 6, 2020, the Government filed the two-count Indictment against Defendant and his co-defendant. Indictment, ECF No. 1. The Indictment charges Defendant with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). *Id.* at 1–2. The Indictment also contains a criminal forfeiture allegation as to both counts. *Id.* at 2–3.

Following his arrest, Defendant was arraigned on the Indictment before the Honorable Magistrate Judge Peggy Kuo. ECF No. 8. Defendant presented a bail application, which the Government opposed. *Id.* Magistrate Judge Kuo ordered bond to be set at $80,000.00, with five sureties sworn and advised of their bond obligations. *Id.* Following her ruling, the Government advised Magistrate Judge Kuo of their intention to appeal the bond decision to this Court. *Id.* Magistrate Judge Kuo ordered Defendant detained pending the appeal. *Id.*

This Court agreed to hear the appeal at the parties' earliest convenience. The Court held a telephonic hearing on the bond decision at approximately 5:30 P.M. on August 11, 2020 and heard arguments from the Government and defense counsel. ECF Minute Entry Aug. 11, 2020. Following arguments, the Court entered an oral order overruling Magistrate Judge Kuo's bail decision, finding Defendant was both a danger to the community and a flight risk. *Id.* The Court entered a permanent order of detention pending trial. ECF No. 9.

## LEGAL STANDARD

Under the Bail Reform Act, a court must order pre-trial release of a defendant on a personal recognizance bond if such release will "reasonably assure the appearance of the [defendant] as required and will not endanger the safety of any other person in the community." 18 U.S.C. § 3142(b). However, if a court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," a court shall order the defendant detained pending trial. *Id.* § 3142(e)(1). A district court reviews *de novo* a magistrate judge's decision to release or detain a defendant pending trial. *See United States v. Esposito*, 309 F. Supp. 3d 24, 30 (S.D.N.Y. 2018) (Marrero, J.) (citing *United States v. Leon*, 766 F.2d 77, 80 (2d Cir. 1985)).

A district court undertakes a two-step inquiry when evaluating an application for bail. First, the Court must determine whether the Government has established the defendant presents a danger to the community or a risk of flight. *See* 18 U.S.C. § 3142(e). The Government must support a finding of dangerousness by clear and convincing evidence, *United States v. Ferranti*, 66 F.3d 540, 542 (2d Cir. 1995), and a finding of risk of flight by a preponderance of the evidence, *United States v. Boustani*, 932 F.3d 79, 81 (2d Cir. 2019). Second, if the Government meets its initial burden, the Court must determine whether no conditions or combination of

2

conditions of release could reasonably assure the defendant will not flee or will not endanger others, which the Government must prove by a preponderance of the evidence. *See id.* In making this determination, a court must consider four factors: "(1) the nature and circumstances of the offense charged . . . ; (2) the weight of the evidence against the person; (3) the history and characteristics of the person . . .; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

Because the "rules concerning admissibility of evidence in criminal trials do not apply" to bail hearings, *see* 18 U.S.C. § 3142(f)(2)(B), the parties may proceed by way of proffer, *United States v. LaFontaine*, 210 F.3d 125, 130–31 (2d Cir. 2000). As such, courts often base detention decisions on hearsay evidence.

## ANALYSIS

The Government argues Defendant poses a danger to the community and a serious flight risk such that no combination of conditions could reasonably assure his appearance in future court proceedings. Gov't Ltr. Seeking Permanent Order of Detention at 9–10, ECF No. 6 ("Gov't Detention Mem."). For the reasons set forth on the record and discussed below, the Court agrees.

**I.    The Government Has Demonstrated Defendant's Dangerousness and Risk of Flight**

As required by the Bail Reform Act, the Court considers each of the 18 U.S.C. § 3142(g) factors in turn. In the Court's view, the bail factors support continued detention rather than release pending trial or other disposition of this case.

**A.    The Nature and Circumstances of the Offense**

Defendant's charge, felon in possession of a firearm, is both a crime of violence, *United States v. Watkins*, 940 F.3d 152, 163 (2d Cir. 2019) ("It has long been the law of our Circuit that

3

possession of a firearm is unequivocally a crime of violence for purposes of § 3142(f)(1)(A)."), and involves the use of a firearm. 18 U.S.C. § 3142(g)(1). Defendant's charged conduct is serious, particularly considering the actions Defendant allegedly took with that firearm—firing a shot at a rival gang member from close range after a disagreement at a bar and causing a non-fatal injury requiring surgery. Gov't Detention Mem. at 5; *see also United States v. Dillard*, 214 F.3d 88, 94 (2d Cir. 2000) ("The risk of violent use posed by a convicted felon's possession of firearms is significant."). This violent reaction following the victim apparently making gang signs intended to be disrespectful to Defendant's gang demonstrates the danger posed by Defendant.

Further, if convicted, Defendant will face lengthy and onerous maximum penalties. The statutory maximum term of imprisonment is ten years, 18 U.S.C. § 924(a)(2). Further, based on the Government's current estimates of Defendant's criminal history category of IV and offense level of at least 26, Defendant's Guidelines range advises a sentence 92 to 115 months' imprisonment, near the statutory maximum. Gov't Detention Mem. at 9–10; USSG Ch. 5, Pt. A. When faced with the possibility of a significant prison term, defendants have a strong incentive to flee. *See United States v. Scali*, 738 F. App'x 32, 33 (2d Cir. 2018) (summary order) ("The court reasonably determined that [the defendant]'s Guidelines range of 87–108 months' imprisonment was significant enough to provide an incentive to flee."); *see also United States v. Khusanov*, 731 F. App'x 19, 21 (2d Cir. 2018) (summary order) ("[A] district court does not clearly err in concluding that a defendant facing a potentially lengthy prison sentence possesses a strong motive to flee."). Accordingly, the Court concludes the nature and circumstances of the offense favor detention.

### B. The Weight of the Evidence

The Government argues the evidence against Defendant is "overwhelming." Gov't Detention Mem. at 9. The Government reports Defendant and his co-defendant were captured on video both inside and outside of the bar where the alleged shooting took place. *Id.* at 1, 3–5. The shooting itself was also captured on video, *id.*, and Defendant's DNA and the DNA of his co-defendant was found on the firearm in question. *Id.* at 1, 6.

Because it is "contrary to our legal system to impose punishment for a crime that a defendant has not yet been shown to have committed," courts are cautious in affording undue weight to this factor. *See United States v. Motamedi*, 767 F.2d 1403, 1408 (9th Cir. 1985); *see also United States v. Paulino*, 335 F. Supp. 3d 600, 613 (S.D.N.Y. 2018) (Carter, J.). At this early stage in the proceedings, the Court makes no conclusions about the merits of the Government's case. *See United States v. Zarrab*, 15-CR-867, 2016 WL 3681423, at *7 (S.D.N.Y. July 16, 2016) (Berman, J.) ("The Court recognizes the difficulty inherent in assessing the Government's case before trial, and is mindful not to reach any conclusions about [Defendant's] guilt or innocence." (internal citation and quotations omitted)). But significant evidence, including extensive documentation, of a defendant's role in a crime may weigh against release. *See United States v. Bruno*, 89 F. Supp. 3d 425, 431 (E.D.N.Y. 2016) ("'When evidence of a defendant's guilt is strong, and when the sentence upon conviction is likely to be long . . . a defendant has stronger motives to flee.'" (quoting *United States v. Iverson*, 14-CR-197, 2014 WL 5819815, at *4 (W.D.N.Y. Nov. 10, 2014) (Arcara, J.))). The evidence against Defendant appears strong, and this factor weighs in favor of continued detention.

5

### C. The History and Characteristics of Defendant

In assessing Defendant's characteristics, the Court looks to multiple factors, including "the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, . . . criminal history," and "whether, at the time of the current offense or arrest, the person was on probation o[r] parole." 18 U.S.C. § 3142(g)(3)(A)–(B).

Defendant is an active member of the Folk Nation Gangster Disciples, a gang operating in the Flatbush neighborhood of Brooklyn, New York. Gov't Detention Mem. at 3. This fact is verified by several music videos and posts on social media, in which Defendant touts his gang affiliation. *Id.* at 3, 5 n.1. This gang affiliation seems to have been the motivation for not only the current offense, but past criminal activity as well. On November 30, 2017, Defendant pleaded guilty to two offenses related to a gang-related shooting. *Id.* at 3. Defendant was sentenced to two to six years' imprisonment on one charge and four years' imprisonment on the other. *Id.* He was released on parole on June 24, 2019, which he was still under when arrested and charged with the instant offense. *Id.*

These facts demonstrate Defendant's penchant for violence and criminal activity and his lack of deterrence from engaging in further illegal conduct. Accordingly, the Court concludes the history and characteristics of Defendant favor continued detention.

### D. The Nature and Seriousness of the Danger Posed by Defendant's Release

The danger of Defendant's release is apparent to the Court through his pattern of criminal conduct. Following his conviction for offenses related to one gang-related shooting (for which he was on parole), Defendant allegedly committed another gang-related shooting. Defendant's non-compliance with the terms of his parole and

6

engagement in further criminal activity presents a danger to the community. *United States v. Millan*, 4 F.3d 1038, 1048 (2d Cir. 1993) ("[T]he language referring to the safety of the community refers to the danger that the defendant might engage in criminal activity to the detriment of the community.") (quoting S. Rep. No. 225, at 12 (1983)). Moreover, the danger of Defendant's release is demonstrated through the fact Defendant's instant and past offense involved the use of a firearm. *Dillard*, 214 F.3d at 94 ("The risk of violent use posed by a convicted felon's possession of firearms is significant.").

In light of the foregoing analysis, the Court concludes the Government has demonstrated by the requisite standards Defendant poses a danger to the community and a serious risk of flight.

## II. The Government Has Demonstrated No Conditions or Combination of Conditions Can Reasonably Assure the Defendant's Appearance in Court and the Safety of the Community

Taking into consideration the above factors, the Court concludes there is no condition or combination of conditions that will reasonably assure the appearance of Defendant as required and the safety of the community. *See* 18 U.S.C. § 3142(e)(1). While the Court has little reason to doubt the intentions of Defendant's family and friends who acted as sureties, their influence has not dissuaded Defendant from continuing to commit violent criminal acts, and there is no reason to believe their influence would have that effect if Defendant was released. The Court recognizes it is only a "limited group of offenders who should be denied bail pending trial," *United States v. Shakur*, 817 F.2d 189, 195 (2d Cir. 1987) (internal quotations omitted), but concludes Defendant is among them after considering the statutory factors.

7

## CONCLUSION

For the foregoing reasons, the Court concludes the Government has demonstrated by the requisite standard Defendant poses a danger to the community and is a flight risk, and no combination of conditions can reasonably assure Defendant's presence at future court proceedings. Accordingly, the Government's motion for appeal of detention is GRANTED and Magistrate Judge Kuo's bail decision is overturned. Defendant will remain detained pending trial or another final disposition of this action.

**SO ORDERED.**

s/ WFK
HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: August 13, 2020
      Brooklyn, New York